IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONALD GADDY, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 25-CV-367-MTS |
| | ) |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant State Farm Fire and Casualty Company's Motion to Dismiss and Combined Brief in Support. (Docket No. 8). After considering the parties' briefing and relevant caselaw, the Court hereby **GRANTS IN PART and DENIES IN PART** Defendant State Farm's Motion to Dismiss.

**Background and Procedural History**

Plaintiffs Donald and Patricia Gaddy ("Plaintiffs") commenced this action against Defendant State Farm Fire and Casualty Company ("Defendant") in Osage County District Court on June 12, 2025, alleging state law claims for breach of contract and bad faith. (Docket No. 2-2). According to the Complaint,[1] Plaintiffs purchased a property insurance policy (the "Policy") from Defendant, policy number 36-CB-C162-2. *Id.* at 2. They allege that on or about June 17, 2023, the insured property suffered storm damage. *Id.* Plaintiffs timely made a claim for loss under the Policy and were assigned claim number 36-63Z7-39S. *Id.* at 2-3. Defendant's adjuster inspected the property on or about April 1, 2024, and provided Plaintiffs with an estimate to

---

[1] The Court refers to the Petition filed in state court as the Complaint herein.

compensate for the storm damage to the property's roof. *Id.* at 3. After inspection of the property by Plaintiffs' contractor, Plaintiffs requested Defendant approve a full-roof replacement and management review of the claim. *Id.* at 3-4. According to Plaintiffs, Defendant refused, which prompted them to submit a proof of loss pursuant to Okla. Stat. tit. 36, § 3629 on April 21, 2025, based on the contractor's estimate. *Id.* at 4. Defendant denied the proof of loss on June 10, 2025. *Id.*

Plaintiffs assert that Defendant's handling of their claim was "unreasonable and resulted in Plaintiffs being paid less than what they were owed under the terms and conditions of the insurance policy" and that "the investigation, evaluation, delay, and payment of Plaintiffs' claim were unreasonable and constitute breach of contract[.]" *Id.* at 3. They further allege that Defendant "intentionally underpaid, delayed, and failed to investigate Plaintiffs' claim[,]" and that such conduct breached "the duty of good faith and fair dealing resulting in the wrongful and bad faith denial of Plaintiffs' claim." *Id.* at 4-5. Plaintiffs seek actual damages "in an amount not less than $63,685.90" and "extra-contractual damages" for Defendant's bad faith. *Id.* at 2, 4-5.

Defendant removed the case to the Northern District of Oklahoma on July 18, 2025. (Docket No. 2). On July 21, 2025, Defendant filed its Motion to Dismiss and Combined Brief in Support. (Docket No. 8). Plaintiffs filed their Response to Defendant's Motion to Dismiss on August 1, 2025. (Docket No. 11). On August 25, 2025, Defendant filed its Reply Brief in Support of its Motion to Dismiss (Docket No. 12). The Court granted Plaintiff leave to file a Sur-Reply, which was filed on September 5, 2025. (Docket No. 16). As such, the instant motion is now ripe for decision.

**Legal Standard**

Defendant seeks dismissal of Plaintiffs' claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court set forth the plausibility standard applicable to a motion to dismiss filed under Rule 12(b)(6). *Bell Atlantic* stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, quoting *Bell Atl.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Bell Atl.*, 550 U.S. at 556; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (interpreting the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.") (quotation omitted). However, a court need not accept as true allegations that are conclusory in nature. *Id.* at 678 ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), citing *Bell Atl.*, 550 U.S. at 555.

"In addition to the complaint, [a court] 'may consider documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *J.H. v. Anthem Blue Cross Life and Health Ins. Co.*, 137 F.4th 1147, 1150 (10th Cir. 2025), quoting *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1286 n.3 (10th Cir. 2023); *see also Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680

F.3d 1194, 1201 (10th Cir. 2011) ("In evaluating a motion to dismiss, we may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference."). Even if a plaintiff does not attach such a document to its complaint, "a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) (citations omitted).

## Discussion

Defendant seeks dismissal of Plaintiffs' claims as time-barred under the "Suit Against Us" provision contained in the Policy, which requires that legal actions commence within one year of the date of loss.[2] (Docket No. 8 at 1). Such a provision satisfies the requirements under Oklahoma law that property insurance policies provide at least a one-year period to bring "an action." *See* Okla. Stat. tit. 36, § 3617 (stating that the time to bring "an action against any such insurer . . . [for] property . . . policies . . . shall not be limited to less than one (1) year from the date of occurrence of the event resulting in the loss."); *see also Wagnon v. State Farm Fire & Cas. Co.*, 951 P.2d 641, 644 (Okla. 1997) (applying § 3617 and finding property insurance "can be limited to a one-year period in which to file an action"). According to Defendant, the undisputed date of loss is June 17, 2023, and Plaintiffs filed their lawsuit on June 12, 2025, well-outside the one-year period, resulting in Plaintiffs' claims being time-barred under the Policy. (Docket No. 8 at 1, 4).

---

[2] The pertinent portion of the provision provides: "No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage." (Docket No. 8-1 at 29). The Court considers this portion of the insurance contract, attached as an exhibit to Defendant's motion, because it is referenced in the Complaint and Plaintiff has not questioned its authenticity. *See J.H.*, 137 F.4th at 1150; *GFF Corp.*, 130 F.3d at 1384-85.

The Tenth Circuit has analyzed a contractual limitation on bringing suit as an affirmative defense, treating it as analogous to a statute of limitations defense. *See Frost v. ADT, LLC*, 947 F.3d 1261, 1266-67 (10th Cir. 2020) (analyzing a contractual limitations period as an affirmative defense). When analyzing a statute of limitations issue, "federal court[s] sitting in diversity apply state law." *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005); *see also Moneypenny v. Dawson*, 141 P.3d 549, 551 (Okla. 2006) ("The bar of the statute of limitations is an affirmative defense."). Such "an affirmative defense . . . is ordinarily raised and addressed in pleadings, rather than on motion." *Richter v. Nelson*, 4:20-cv-00167-CRK-CDL, 2024 WL 1337358, at *5 (N.D. Okla. Mar. 28, 2024).

However, a court may address a limitations issue on a motion to dismiss "'when the dates given in the complaint make clear that the right sued upon has been extinguished[.]'" *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *see also Marshall v. State Farm Fire & Cas. Co.*, Case No. CIV-24-00780-JD, 2025 WL 817606, at *2 (W.D. Okla. Mar. 13, 2025) (relying on *Aldrich* to address a limitations issue on a motion to dismiss). In such cases, "the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1041 n.4 (citations omitted).

**A.   Plaintiffs' Breach of Contract Claim**

Plaintiffs' Complaint provides that the date of loss was "on or about June 17, 2023[,]" (Docket No. 2-2 at 2), and they concede in their response to "a one-year limitations period for a breach of contract claim."[3] (Docket No. 11 at 4-5). Thus, from the face of the Complaint, Plaintiffs

---

[3] In certain portions of Plaintiffs' response, however, they appear to challenge the date of loss assigned by Defendant, even though they allege June 17, 2023, as the date of loss in the Complaint. (*See* Docket No. 11 at 5) ("[Defendant] is also attempting to limit the statute even further by stating that the damage to Plaintiffs' property occurred almost a full year before they made a claim. [Defendant] assigned the date of loss to June 17, 2023, which was determined on or around April

5

failed to file this action within the Policy's one-year limitations period. (Docket No. 2-2 at 1-2). However, Plaintiffs argue the one-year limitation does not apply to their breach of contract claim because the time period to bring suit is governed by certain Oklahoma statutes and/or is subject to waiver and equitable tolling based upon Defendant's conduct. *Id.* at 5-9. The Court addresses each of Plaintiffs' specific arguments below.

### 1.      Applicability of Okla. Stat. tit. 36, § 1250.5(7)

Plaintiffs rely on Okla. Stat. tit. 36, § 1250.5(7) for the proposition that they had twenty-four (24) months to bring their lawsuit "after the date of loss, if the damage [was] not evident without inspection." (Docket No. 11 at 5). The pertinent language from § 1250.5(7) provides that "[a]ny policy that specifies a time limit covering damage to a roof due to wind or hail must allow the filing of claims after the first anniversary but no later than twenty-four (24) months after the date of loss, if the damage is not evident without inspection[.]" According to Plaintiffs, they did not suspect damage "until March of 2024 when they reported the claim to [Defendant] and the damage was not confirmed until April 1, 2024, when [Defendant] conducted an inspection and wrote an estimate for damages." (Docket No. 11 at 5-6). Plaintiffs contend their lawsuit is timely under § 1250.5(7) because it was filed on June 12, 2025, within two years of the date of loss. *Id.* at 6.

Defendant maintains that § 1250.5(7) is inapplicable because it "concerns what an insurer 'must allow' when an insured submits a claim" and does not determine "when the insured may file suit." (Docket No. 12 at 4). It asserts that Plaintiffs' "reading collapses the words and nullifies §

---

1, 2024, thereby cutting off eight (8) months of time for addressing any policy breaches."); *Id.* at 8 ("After an inspection on April 1, 2024, Defendant immediately shortened the one-year statute of limitations in its policy to two and a half months by moving the date of loss to June 17, 2023, and allegedly thereby making the statute of limitations June 17, 2024, without telling Plaintiffs.").

3617," which specifically governs the time for bringing an action. *Id.* Defendant requests that the Court "give effect to both provisions by reading 'claim' and 'action' as used." *Id.*, citing *Root v. State Farm Fire & Cas. Co.*, Case No. CIV-23-00870-PRW, 2024 WL 5239456, at *2 (W.D. Okla. Dec. 27, 2024).

In *Root v. State Farm Fire & Cas. Co.*, the court made a distinction between § 1250.5(7) and § 3617, noting that the former "pertain[ed] to an insured's submission of claims, not his right to litigate disputes." 2024 WL 5239456, at *2. *Root* found there was no conflict between the two sections and that "under the well-pleaded facts in the [c]omplaint, the policy language controls." *Id.*; *see also Marshall*, 2025 WL 817606, at *3 ("The Court construes [§] 1250.5(7) to apply to claims submitted by insureds, which are distinct from lawsuits, a result congruent with [*Root*,] the other opinion of the Western District that has examined the interplay between [§§] 1250.5(7) and 3617, and with the purpose of the Oklahoma Unfair Claims Settlement Practices Act."), citing *Root*, 2024 WL 5239456, at *2, and Okla. Stat. tit. 36, § 1250.3 (explaining that the act applies to an insured's claim with an insurer); *Gamble v. State Farm Fire & Cas. Co.*, Case No. CIV-25-396-R, 2025 WL 2997887, at *3 (relying on *Root* and *Marshall* when determining that § 1250.5(7) did not apply and the policy language controlled, providing the plaintiffs with one year from the date of loss to bring their breach of contract claim against the insurer).

Accordingly, following the analysis of *Root*, *Marshall*, and *Gamble*, this Court declines to apply § 1250.5(7) instead of the Policy's one-year limitations period for Plaintiffs to file their lawsuit.

2.  **Applicability of Okla. Stat. tit. 36, § 1250.7(E)**

Plaintiffs also rely on Okla. Stat. tit. 36 § 1250.7(E), arguing Defendant waived the one-year period by not providing Plaintiffs, who were unrepresented at the time, with written notice warning them their time to file suit was about to expire. (Docket No. 11 at 5). The statute provides:

> Insurers shall not continue or delay negotiations for settlement of a claim directly with a claimant who is neither an attorney nor represented by an attorney, for a length of time which causes the claimant's rights to be affected by a statute of limitations, or a policy or contract time limit, without giving the claimant written notice that the time limit is expiring and may affect the claimant's rights. Such notice shall be given to first party claimants and third party claimants one year after the date of the loss.

Okla. Stat. tit. 36, § 1250.7(E).

Defendant maintains the statute's notice requirement was never triggered because it did not "continue[] or delay[] negotiations for settlement of the claim." (Docket No. 12 at 8). Instead, Defendant contends "[t]here are no allegations of delay . . . within the one-year statutory period[,]" as it "timely adjusted [the claim] and provided an estimate to Plaintiffs that was under the deductible within the one-year contractual period." *Id.*

However, Plaintiffs' contention that Defendant failed to provide notice under § 1250.7(E) of the expiration of the one-year limitations period is inconsequential to Plaintiffs' argument that Defendant waived the limitations period. Section 1250.7(E) is part of the Oklahoma Unfair Claims Settlement Practices Act ("UCSPA"), and the Oklahoma Supreme Court has determined that there is no private cause of action for violations of the UCSPA. *See McWhirter v. Fire Ins. Exch., Inc.*, 878 P.2d 1056, 1057-58 (Okla. 1994), citing *Walker v. Chouteau Lime Co.*, 849 P.2d 1085, 1087 (Okla. 1993). In *Council Oaks Learning Campus, Inc. v. Farmington Cas. Co.*, 210 F.3d 389, 2000 WL 376623 (10th Cir. Apr. 13, 2000), the Tenth Circuit considered a similar issue to the one raised by Plaintiffs. Relying on the notice provisions of the UCSPA, the plaintiff argued the insurer was

8

"estopped from asserting the two-year limitations period [contained in the insurance policy] against plaintiff's breach of contract claim." *Council Oaks*, 2000 WL 376623, at *4. The Tenth Circuit determined the claim was without merit because there was no private right of action under the UCSPA. *Id.*

Oklahoma federal district courts have made the same determination. *See Oaks Indian Mission v. GuideOne Ins. Co., Inc.*, Case No. 04-CV-793-M, 2005 WL 8175515, at *4 (N.D. Okla. Apr. 6, 2005) (relying on the Oklahoma Supreme Court's determination that there is no private cause of action for violations of the UCSPA and concluding "that the requirements of that Act and the alleged violations by Defendant have no bearing on the statute of limitations issue"); *McCall v. State Farm Fire & Cas. Co.*, Case No. CIV-16-457-RAW, 2017 WL 11886251, at *2 (E.D. Okla. July 24, 2017) (relying on *Council Oaks* and rejecting the plaintiff's argument that "the one-year limitations is tolled by the failure of the [insurer] to . . . give advance written notice of the expiration of a time limit" under the UCSPA). Thus, Plaintiff's argument must fail, as allegations that Defendant failed to provide notice under § 1250.7(E) have no relevance to the statute of limitations issue.

      **3.**      **Waiver and Equitable Tolling of the Limitations Period**

Plaintiffs further argue that Defendant waived the Policy's time period to file suit by engaging in conduct that "shortened the one-year statute of limitations . . . to two and a half months by moving the date of loss to June 17, 2023, and allegedly thereby making the statute of limitations June 17, 2024, without telling Plaintiffs." (Docket No. 11 at 8). They maintain that "[b]ecause of [Defendant]'s continued communications with [them] and their contractor regarding whether the shingles could be cut and mixed and whether certain code applied, Plaintiffs were under the absolute impression that [Defendant] was negotiating and attempting to pay the claim." *Id.* For

9

the same reasons, Plaintiffs further assert the limitations period should be equitably tolled. *Id.* at 8-9.

Defendant contends that neither waiver nor equitable tolling apply, as Defendant "timely adjusted [Plaintiffs'] claim and provided an estimate for repairs in April, 2024 – two months prior to the contractual deadline for them to bring suit." (Docket No. 12 at 6). Moreover, Defendant asserts that Plaintiffs have failed to plead when the alleged discussions with their contractor occurred (although Defendant maintains such discussions occurred post-estimate and outside the one-year period), but in any event, such discussions with Plaintiffs' contractor did not waive or toll the limitations period. *Id.* at 6-7.

Oklahoma law supports the waiver of contractual limitations provisions in certain circumstances. For example, in *Prudential Fire Ins. Co. v. Trave-Taylor Co.*, 152 P.2d 273 (Okla. 1944), the Oklahoma Supreme Court recognized the evidence supported the inference that an insurer waived the limitation provision when it "intended by its conduct to admit liability to the extent of the damage which had been done to the plaintiff's property by the fire involved" and "it did not deny liability within time to enable the plaintiff to institute the action within the limitation provision contained in the policy." *Id.* at 275. Moreover, in *Agric. Ins. Co. of Watertown v. Iglehart*, 386 P.2d 145 (Okla. 1963), the Oklahoma Supreme Court found waiver of the limitation provision when the insurer never denied liability, but "[t]here was merely a continuing disagreement between the parties as to the amount of plaintiff's claim." *Id.* at 146. The court reasoned that "[i]f [the insurer] had intended to rely on the limitation provision, it should have paid plaintiff what it considered to be the reasonable value of plaintiff's loss and denied liability for anything in excess of that. If that had been done within time to allow plaintiff to commence his action for such excess claim within the limitation period of the policy, then [the insurer] could rely

on the bar of limitations." *Id.* Further, in *Okla. Farm Bureau Mut. Ins. Co. v. Lay*, 398 P.2d 506 (Okla. 1965), the Oklahoma Supreme Court determined that the waiver issue was properly submitted to a jury when the insurer told the insured it would settle the claim and requested a repair estimate, as such conduct "may have . . . lulled" the insured "into delaying the commencement of t[he] action more than one year after his loss[.]" *Id.* at 508.

Oklahoma federal courts have relied upon *Prudential* and other Oklahoma cases when determining waiver and tolling issues, primarily focusing "upon whether the insurer's conduct caused the insured to be unable to initiate a lawsuit within the limitations period." *Marshall*, 2025 WL 817606, at *3 ("Examples of conduct by the insurer that amount to waiver include situations where the insurer leads the insured to believe it will pay a claim, leading the insured not to file suit within the limitations period.") (citation omitted); *see also Parrish v. Farmers Ins. Co., Inc.*, Case No. 21-CV-00280-GKF-SH, 2022 WL 3139750, at *7 (N.D. Okla. Aug. 5, 2022) ("[T]he court must focus on the *insurer's conduct* and whether it prohibited the insured from filing suit within the contractual limitation period.") (emphasis in original); *Gamble*, 2025 WL 2997887, at *6 (finding the insurer did not use "dilatory tactics" or lead the plaintiffs "to believe it might fully replace their roof," as the insurer "calculated and issued payment for [the] [p]laintiffs' loss within mere weeks of [the] [p]laintiffs' claim" and there were "no allegations of any communications or actions by [the insurer] . . . which might warrant their belief that [the insurer] would reconsider their claim."); *Roemer v. State Farm Fire & Cas. Co.*, No. 06-CV-0663-CVE-PJC, 2007 WL 527863, at *2 (N.D. Okla. Feb. 14, 2007) (finding tolling of the statute of limitations was inappropriate when the plaintiff had "over three months to initiate a lawsuit before the statute of limitations expired" and the plaintiff did not claim any improper conduct by the insurer from the date the claim was denied until the one-year deadline); *Ins. Co. of North Am. v. Bd. of Educ. of*

11

*Indep. Sch. Dist. No. 12, Texas Cnty.*, 196 F.2d 901, 902 (10th Cir. 1952) (finding tolling of the one-year limitations period was appropriate when the insurer engaged in "dilatory tactics" by "continuing to negotiate with the [insured] for a settlement of the claim . . . and not finally denying liability" until the limitations period had expired, thereby "mis[leading] the [insured] into believing the loss would be adjusted").

In this case, the damage to Plaintiffs' property occurred on June 17, 2023. (Docket No. 2-2 at 2). According to Plaintiffs own allegations, Defendant's adjuster inspected the property "on or about April 1, 2024[,]" and "wrote an estimate."[4] (Docket No. 2-2 at 3). However, Plaintiffs maintain the estimate failed to account for additional storm damage, which Plaintiffs' contractor found when inspecting the property. *Id.* They contend Defendant "paid [them] less than what they were owed under the terms and conditions of the insurance policy[.]" *Id.* While Plaintiffs allege their contractor repeatedly requested Defendant approve Plaintiffs' roof for full replacement, relying on certain manufacturer specifications and building codes, and requested management review of Plaintiffs' claim, they do not allege when such requests took place.[5] *Id.* at 4. According to Plaintiffs, Defendant refused their requests, which resulted in the filing of a proof of loss based on their contractor's estimate on April 21, 2025, and Defendant's denial of the proof of loss on June 10, 2025. *Id.*

Under the caselaw discussed herein, Plaintiffs have failed to allege conduct by the insurer that prohibited them from filing their lawsuit within the one-year limitations period. Defendant

---

[4] Plaintiffs indicate in their response that they reported their claim to Defendant in March of 2024. (Docket No. 11 at 5). This date is not included in the Complaint.

[5] Plaintiffs reference dates in their response (and attach e-mails as an exhibit) associated with the contractor's requests and communications with Defendant. However, Plaintiffs failed to include said dates for these requests and communications in the Complaint.

investigated Plaintiffs' claim, "wrote an estimate," and paid the claim before the limitations period expired. Although it is unclear from the Complaint when the alleged communications between the adjuster and Plaintiffs' contractor occurred, the alleged communications merely demonstrate that Plaintiffs' contractor continually requested that Defendant reconsider Plaintiffs' claim, and Defendant continually refused to do so or pay anything further. Moreover, there are no allegations of misleading conduct by Defendant suggesting the claim would be re-estimated or that Defendant was negotiating with Plaintiffs to settle the claim. Thus, Plaintiffs' Complaint fails to allege facts supporting a finding by the Court of waiver or equitable tolling of the one-year limitations period in the Policy.

Accordingly, Plaintiffs' Complaint established a date of loss of June 17, 2023. (Docket No. 2-2 at 2). Under the Policy, Plaintiffs had one-year from the date of loss, or until June 17, 2024, to file a lawsuit for breach of contract unless Plaintiffs established a factual basis for waiver or tolling of the Policy provision. The Complaint fails to demonstrate such facts. Because Plaintiffs filed their lawsuit on June 12, 2025, their breach of contract claim is dismissed against Defendant as time-barred under the Policy's one-year statute of limitations.

**B.     Plaintiffs' Bad Faith Claim**

Defendant further seeks dismissal of Plaintiffs' bad faith claim based upon the "Suit Against Us" provision, asserting that the provision "does not distinguish between claims based on contract or tort" and "encompasses lawsuits, or 'actions' entirely." (Docket Nos. 8 at 5; 12 at 8-9). Plaintiffs assert that the one-year contract provision does not apply to their bad faith claim and that it was timely brought under the two-year statute of limitations for torts. (Docket Nos. 11 at 9-10; 16).

Oklahoma law supports Plaintiffs' contention that their bad faith claim, if timely, is not precluded even if their breach of contract claim fails. Although "indemnity for loss" is central to both breach of contract and bad faith claims, the claims are separate bases for recovery. *See Taylor v. State Farm Fire & Cas. Co.*, 981 P.2d 1253, 1258 (Okla. 1999). In *Gray v. Holman*, 909 P.2d 776 (Okla. 1995), the Oklahoma Supreme Court found the trial court's determination that a bad faith claim was barred under the insurance contract's one-year limitation provision "clearly flawed[,]" because the bad faith claim was subject to a two-year statute of limitations for tort claims under Okla. Stat. tit. 12, § 95(A)(3). *Id.* at 780 n.8; *see also Morgan v. State Farm Mut. Automobile Ins. Co.*, 488 P.3d 743, 746 (Okla. 2021) ("A bad faith tort action must be brought within two years after the cause of action shall have accrued.") (citations omitted).

Moreover, Oklahoma federal courts applying state law have allowed bad faith claims to proceed even when a breach of contract claim was time barred. *See, e.g., Hayes v. State Farm Fire & Cas. Co.*, 855 F. Supp. 2d 1291, 1301 (W.D. Okla. 2012) ("Plaintiff can pursue a bad faith claim with respect to defendant's handling of his September 13, 2008, loss, even though his breach of contract claim is time-barred."), citing *McCarty v. First of Georgia Ins. Co.*, 713 F.2d 609, 612 (10th Cir. 1983) ("In short, the prior dismissal of the contractual claim on the statute of limitations ground does not trench upon the merit of the instant tort action. The breach of fair dealing claim is cognizable if appellants can prove that they were entitled to payment on the underlying insurance claim."); *Roemer*, 2007 WL 527863, at *5 (relying on *Gray* and *McCarty* and finding plaintiff's bad faith claim was not subject to dismissal even though his breach of contract claim was time barred under the contractual limitations period).

Here, even using the date of loss of June 17, 2023, Plaintiffs filed their lawsuit on June 12, 2025, clearly within the two-year statute of limitations for tort claims under Okla. Stat. tit. 12, §

95(A)(3). *See generally*, *MBA Com. Constr., Inc. v. Roy J. Hannaford Co.*, 818 P.2d 469, 473 (Okla. 1991) (finding that a bad faith claim "accrues when a litigant first could have maintained his action to a successful conclusion") (citation omitted). Because Plaintiffs' bad faith claim was timely filed, it is not subject to dismissal.

### Conclusion

For the reasons discussed herein, Defendant State Farm Fire and Casualty Company's Motion to Dismiss and Combined Brief in Support (Docket No. 8) is hereby **GRANTED IN PART and DENIED IN PART**. Defendant's motion is **GRANTED** as to Plaintiffs' breach of contract claim, and such claim is therefore **DISMISSED WITHOUT PREJUDICE**. Defendant's motion is **DENIED** as to Plaintiffs' claim for bad faith.

Plaintiffs may amend their Complaint to allege additional facts as to the breach of contract claim within fourteen (14) days from the date of this Order, or by November 21, 2025.

**IT IS SO ORDERED** this 7th day of November, 2025.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT